## PORTAGE LAKES TRANSPORTATION

## CO v STEWART

Ohio Appeals, 9th Dist, Summit Co

No 2325. Decided Oct 26, 1933

Motz & Morris, Cuyahoga Falls, for plaintiff in error.

Gottwald, Breiding, Hershey & Hinton, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Numerous specifications of error are urged by defendant, the principal of which are: first, that the verdict and judgment are against the weight of the evidence; second, error in the rulings of the trial court in the admission and rejection of evidence; and third, error in the charge of the court.

A reading of the record herein discloses that the safety zone in question was between street intersections, with the northerly post thereof approximately 6 feet south of the crosswalk at Center street; that the bus from which plaintiff alighted stopped about midway of the safety zone, which was in the neighborhood of 75 feet in length; and that plaintiff proceeded immediately from the door of the bus, through the safety zone, and onto the traveled portion of South Main Street, going in an easterly direction until he reached the point in said street where he was struck by the bus of the defendant.

The distance from said safety zone to the curb of the street was about 20 feet, and plaintiff was struck after he had traveled about two-thirds of said distance. It was raining very hard, and plaintiff was the only passenger to alight from said bus at said time; and he was without an umbrella or raincoat and was seeking to reach shelter on the sidewalk next to Polsky's store.

It will be observed that, while there were five witnesses besides the plaintiff, who testified as to whether or not plaintiff looked to the south before crossing the east portion of South Main Street, no witness except the plaintiff testified that plaintiff did so look; their testimony being that plaintiff did not look or that the witness did not see him look. The testimony of plaintiff was as follows:

"Well, I got down and looked and didn't see nothing coming, and it was raining hard. I was going to the shelter as fast as I could." (Record, p. 103).

The evidence is overwhelming to the effect that the bus of defendant was in close proximity to plaintiff at the time he started across said street, and also that there was a taxicab behind said bus with its lights lit, and that plaintiff jumped off of the bus and, without stopping or hesitating at all, ran right in front of defendant's bus.

The physical facts in connection with the collision between plaintiff and said bus make it apparent either that plaintiff did not look before entering the traveled portion of said thoroughfare, or if he did look that he failed to look effectively, or that in his attempt to avoid getting wet he foolishly tried to pass in front of the defendant's bus. If he did not look, or if he looked ineffectively, that would be strong, if not conclusive, evidence that he was guilty of contributory negligence. It is the unanimous opinion of this court that the finding of the jury that plaintiff was not guilty of negligence which proximately contributed to his own injuries, is manifestly against the weight of the evidence.

We might here observe that, in the opinion of this court, counsel for defendant was unduly limited in his cross-examination of those witnesses who had given statements in writing, the trial court apparently failing to differentiate between questions calling for conclusions from the witnesses, and questions asked for the purpose of impeachment, wherein the witnesses were asked if they had not stated conclusions which were contrary to the testimony given by them in open court. The latter type of questions were, in our opinion, proper, and should have been permitted to be answered.

With reference to the third assignment of error, we find that the court did commit prejudicial error when it charged as follows:

"I therefore charge you that it was the duty of the driver of the defendant's bus at said time and place to maintain lights burning upon said motor vehicle in conformity with such law, and that failure, if any, so to do would be negligence."

That charge removed from the consideration of the jury the question of fact as to whether or not there was "sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet," as

provided by §6310-1, GC, and accordingly was an invasion by the court of the province of the jury, and hence erroneous.

The judgment of the Court of Common Pleas is reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.